UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANGTAO WANG,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-03117-SSC<br><br>MEMORANDUM AND ORDER |

Petitioner, a noncitizen against whom removal proceedings have commenced, brings this counseled habeas petition. It is not his first since being detained by immigration authorities in March 2026. His first petition alleged statutory and due process violations for failure to provide a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents did not oppose a bond hearing and this Court recommended, and the District Judge ordered, that Petitioner receive an individualized bond hearing before an immigration judge pursuant to § 1226(a).

Now before the Court is a second petition. It confirms that Petitioner received a bond hearing but alleges that the hearing did not cure the alleged underlying due process violation because the immigration judge placed the burden of proof on Petitioner. The petition also alleges new challenges to his detention, now claiming that

he was deprived of certain pre-deprivation process. The parties have consented to the undersigned.

Because Petitioner has been provided post-deprivation process in the form of a bond hearing as ordered in granting Petitioner's first habeas petition, and because the Court finds no statutory or constitutional violation, the Court denies the petition.

**I**

On June 6, 2026, Petitioner Zhangtao Wang filed this petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California. (*Id.* at 1.)

As noted above, this is Petitioner's second habeas petition. The first petition alleged that the failure to provide him with a bond hearing under 8 U.S.C. § 1226(a) violated both the statute and the Constitution's due process protections. On May 21, 2026, District Judge Fernando L. Aenlle-Rocha accepted the Court's Report and Recommendation on the original petition. *Wang v. Mullin*, No. 5:26-cv-02186-FLA-SSC, Dkt. No. 13 (C.D. Cal. May 21, 2026). The District Judge's order granted the petition and ordered that "Respondents shall release Petitioner from their custody immediately unless Petitioner is

---

[1] Petitioner is a citizen of China. (ECF 1 at 1.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

provided with an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the issuance of this Order." *Id.* at 2.

The second petition alleges the following facts. Petitioner entered the United States on or about November 26, 2023, without inspection and was apprehended by Immigration and Customs Enforcement (ICE). (ECF 1 at 5.) The Department of Homeland Security issued Petitioner a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) Petitioner was placed in removal proceedings, and ICE released Petitioner from custody on his own recognizance pursuant to § 1226(a). (*Id.*) On or about November 22, 2025, Petitioner was cited for allegedly driving under the influence in El Monte, California, and Petitioner is currently facing two anticipated misdemeanor charges under sections 23152(a) and (b) of the California Vehicle Code. (*Id.* at 6.) Petitioner was re-detained by ICE on March 9, 2026, at a routine check-in. (*Id.*) "ICE officers did not present Petitioner with a warrant authorizing his detention[,]" and "[a]lthough Mandarin is Petitioner's primary language, he was not provided with a Mandarin interpreter during the arrest." (*Id.*) Petitioner requested a bond hearing; however, an immigration judge "concluded that she lacked jurisdiction pursuant to *Matter of Q. Li*, 28 I. & N. Dec. 442 (BIA 2022), and denied the request."[2] (*Id.*)

Following the court order on the first petition, Petitioner received a bond hearing on May 28, 2026. (*Id.* at 6–7; ECF 8-1.) Specifically, the immigration judge denied bond, finding that Petitioner "did not meet his burden to establish that he is not a danger to the community or such

---

[2] The Court notes the citation for *Matter of Q. Li* is 29 I. & N. Dec. 66 (BIA 2025) and that the citation provided appears to be for *Matter of Laguerre*, 28 I. & N. Dec. 437 (BIA 2022).

a substantial flight risk that bond should be denied." (ECF 8-1 at 1.) As to the burden, the immigration judge's order explained that the burden of proof was placed on Petitioner and cited several cases. (*Id.* (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016); and *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)).) The immigration judge's order also provides that Petitioner "conceded in court that he has the burden in [a § 1226(a)] bond hearing."[3] (*Id.*)

As to danger, the immigration judge noted Petitioner's November 22, 2025 arrest for driving under the influence (DUI), for which the case is still pending, and that "[m]ore egregiously, according to a letter from his criminal attorney, [Petitioner] is alleged to have driven on the wrong side of the street when he was pulled over by police which substantially increases the danger" and that Petitioner "did not submit any evidence of rehabilitation." (*Id.* at 2.) As to flight risk, the immigration judge noted that Petitioner entered the United States without inspection; "has limited ties to the United States" as "[h]e only entered the United States on November 23, 2023"; "does not have any family ties to the United States"; "failed to report as instructed by immigration officials on May 10, 2024, which violated the terms of the [Compliance Assistance Reporting Terminal] program in which he was placed" and "[a]fter he was re-enrolled, he again violated the terms of the program by being criminally arrested"; and "is only eligible for limited forms of relief which would be I-589 related protection." (*Id.*)

---

[3] Petitioner does not appear to refute or otherwise address the immigration judge's assertion that Petitioner conceded at the hearing that the burden was on Petitioner in a § 1226(a) hearing.

Petitioner reserved his right to appeal the immigration judge's decision.[4] (*Id.* at 4.)

The petition brings two claims: (1) a procedural due process claim arguing (a) that Petitioner's March 9, 2026 re-detention without pre-deprivation process violated the Fifth Amendment; (b) the court-ordered bond hearing was constitutionally deficient due to the improper placement of the burden of proof on Petitioner and also therefore "did not cure the underlying due process violation"; and (2) a claim for unlawful detention under 8 U.S.C. § 1226(a) based on deficient pre-detention procedures. (ECF 1 at 7–12.) Petitioner seeks immediate release. (*Id.* at 12.)

On June 15, 2026, Respondents filed an answer.[5] (ECF 8.) On June 16, 2026, Petitioner filed a reply. (ECF 9.)

On July 17, 2026, the Court ordered Respondents to file further supplemental briefing addressing (1) whether Petitioner was presented

---

[4] Petitioner indicates that he "did not appeal the May 28, 2026 bond order because this case does not present an ordinary challenge to the Immigration Judge's discretionary custody determination." (ECF 12 at 2.)

[5] Petitioner asserts in his reply that Respondents' answer was filed two days late. (ECF 9 at 2.) On June 6, 2026, the Clerk's Office issued a notice of General Order 26-05 and briefing schedule. (ECF 5.) The notice provides that Respondents shall file an answer "no later than 7 days from the date the Clerk's Office issues this notice." (*Id.* at 2.) Under Rule 6(a) of the Federal Rules of Civil Procedure, when the period is stated in days, this "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Seven days after June 6, 2026, was June 13, 2026, which was a Saturday. Accordingly, Respondents' answer was filed timely the following Monday, June 15, 2026. (ECF 8.)

with a warrant upon his re-detention; and (2) Petitioner's statutory argument under § 1226(a). (ECF 10 at 2.) Respondents filed a supplemental brief and attached a copy of the warrant dated March 9, 2026 (the same day Petitioner was detained), as well as the I-213, which, according to Respondents, "documents the reason for his detention—an arrest that violated the conditions of his release." (ECF 11; ECF 11-1; ECF 11-2.) The Court also permitted Petitioner to file a response to Respondents' supplemental brief (ECF 10 at 2), which Petitioner did (ECF 12).

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

The Court first addresses Petitioner's claim that his detention violates 8 U.S.C. § 1226(a). (ECF 1 at 11.)

**A**

Petitioner argues that "[b]y detaining Petitioner without providing a warrant, Respondents have acted in excess of their statutory

authority under 8 U.S.C. § 1226(a)."[6] (*Id.*) The Court finds that the record does not support the factual predicate of this argument.

Respondents attach to their supplemental brief a warrant dated March 9, 2026 (the day Petitioner was detained), that is signed by an Authorized Immigration Officer and a Deportation Officer. (ECF 11-1.) The warrant further provides that the contents of the notice were read to Petitioner in Cantonese.[7] (*Id.*) The attached I-213 provides that Petitioner was detained because "he had violated his release conditions" because he "was arrested on November 22, 2025 by the El Monte Police Department for DUI Alcohol[.]" (ECF 11-2 at 2 (citing Cal. Veh. Code § 23152(a)).) Thus, the Court finds that a warrant was issued in compliance with § 1226(a).

In response to Respondents' supplement, Petitioner argues that "[a]lthough Respondents have now produced a Form I-200 warrant, they do not explain why Petitioner was denied the custody redetermination procedures contemplated by § 1226(a) after his re-detention." (ECF 12 at 1–2.) Specifically, Petitioner asserts that he requested a bond hearing after his initial re-detention and that an immigration judge denied his request on April 9, 2026. (*Id.* at 2, 5.)

---

[6] Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) further provides that, except as provided in subsection (c), the government "may continue to detain the arrested alien" and "may release the alien" on bond or conditional parole. *Id.*

[7] Though Petitioner represents in the petition that "Mandarin is Petitioner's primary language," he does not assert that he does not also speak Cantonese, contend that he otherwise failed to understand the notice, or explain why the discrepancy would violate a statutory or constitutional protection. (ECF 1 at 6.)

But pivoting in this direction does not help Petitioner here because the failure to provide Petitioner with a bond hearing was the subject of Petitioner's first habeas petition, *Wang*, No. 5:26-cv-02186-FLA-SSC, Dkt. No. 1, at 8–12 (C.D. Cal. filed Apr. 28, 2026), which was granted, *id.*, Dkt. No. 13 (C.D. Cal. May 21, 2026). Further, Petitioner fails to show that his current detention violates the statute because Petitioner has since been provided a bond hearing under § 1226(a). (ECF 8-1.) A habeas petition tests the lawfulness of a detainee's present custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *accord Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today.").

**B**

Petitioner also argues, as part of his statutory claim under § 1226(a), that "at no time prior to his re-detention was [he] notified that his prior release was revoked" and that he "was also not provided a bond hearing before an immigration judge prior to his re-detention." (ECF 1 at 11.) However, nothing in the text of § 1226(a) requires such pre-deprivation measures. 8 U.S.C. § 1226(a); *see Rodriguez Diaz*, 53 F.4th at 1202 (listing procedural protections under § 1226(a)); *Gallegos-Venzor v. Mullin*, No. 1:26-cv-04132-DC-CKD, 2026 WL 2138126, at *2 (E.D. Cal. July 24, 2026) (granting respondents' motion to dismiss and denying the petition in a case involving claims that petitioner's detention did not bear a reasonable relation to a non-punitive purpose and that he had not been provided a pre-deprivation hearing in violation of the Fifth Amendment because petitioner had received a bond hearing and "[t]he law does not require a pre-deprivation hearing

for detention under § 1226(a) but permits a post-deprivation bond hearing"); *Meza Martinez v. Janecka*, No. 5:25-cv-02787-CV (PDx), 2025 WL 4631994, at *5 (C.D. Cal. Nov. 7, 2025) (explaining that 8 U.S.C. § 1226(a) "does not require a pre-deprivation hearing, but only a post-deprivation hearing" but going on to analyze the due process claim).

***

For these reasons, Petitioner's statutory claim (count two) is denied.

**IV**

The Court turns next to Petitioner's procedural due process claim. It has two bases which the Court addresses in turn.

**A**

The first re-packages his statutory claim into a constitutional one: that his re-detention without pre-deprivation process violated the Fifth Amendment. (ECF 1 at 7.) He contends that due process, as evaluated under *Mathews v. Eldridge*, 424 U.S. 319 (1976), required a pre-deprivation hearing. According to the Ninth Circuit, "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz*, 53 F.4th at 1206 (discussing three *Matthews* factors as the private interest that will be affected by the official action, the risk of an erroneous deprivation of such interest through the procedures used, and the Government's interest). Even assuming a significant liberty interest, Petitioner has not shown that due process requires a pre-deprivation hearing where he received a prompt post-detention bond hearing, as ordered after his first petition. *See Rodriguez Diaz*, 53 F.4th at 1208 (reasoning that under *Mathews*, courts must "consider the process [petitioner] received [while detained]" and "the further process

that was available to [petitioner]"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Instead, Petitioner argues that the court-ordered bond hearing could not cure the pre-deprivation violation because by placing the burden on Petitioner to show that he was not a flight risk or a danger, the immigration judge committed a due process violation. (ECF 1 at 10.) He argues that the burden should have been on the government and that the government should have been required to prove that Petitioner was a flight risk or a danger by clear and convincing evidence. The Cout disagrees.

Neither the Supreme Court nor the Ninth Circuit has required such burden shifting under § 1226(a). If anything, the Ninth Circuit has held the opposite. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community."). And the Ninth Circuit has cautioned against reading circuit or Supreme Court precedents as "placing the burden on the government to justify the continued detention of an alien, much less through an elevated 'clear and convincing' showing." *Rodriguez Diaz*, 53 F.4th at 1211; *see also Wang v. Semaia*, No. 5:26-cv-1028-MWF (JDE), 2026 WL 1047907, at *2 (C.D. Cal. Apr. 14, 2026) (finding that petitioner had not demonstrated a likelihood of success on his constitutional claim that at his bond hearing, the immigration judge improperly placed the burden of proof on petitioner because the "Ninth Circuit has squarely upheld the constitutionality of placing the burden on the noncitizen in § 1226(a)

bond proceedings" in *Rodriguez Diaz* and because *Singh*, which petitioner relied on, pertained to statutory provisions other than § 1226(a) and was "expressly distinguished by the Ninth Circuit in *Rodriguez Diaz*"); *Ayala-Martinez v. Noem*, No. 26cv0905-LL-BJW, 2026 WL 948667, at *4 (S.D. Cal. Apr. 8, 2026) (explaining that the Ninth Circuit has added certain procedural protections—such as shifting the burden of proof onto the government—to bond hearings involving prolonged detention and distinguishing such hearings from those provided under § 1226(a)). Petitioner acknowledges some of this authority (ECF 9 at 5), but argues that "the issue presented in *Rodriguez Diaz* is fundamentally distinct from the issue before this Court" and points to several district court cases which have "declined to apply *Rodriguez Diaz*" and required the government to bear the burden by clear and convincing evidence in the re-detention context (*id.* at 5–7). While acknowledging the difference in rulings on this issue, this Court relies on the Ninth Circuit's decisions in *Rodriguez Vazquez* and *Rodriguez Diaz,* as well as other courts in this district as cited above, in holding otherwise.

**B**

Petitioner's second due process argument is a free-standing attack on the allegedly unconstitutional bond hearing (as opposed to an argument that the hearing could not cure the pre-deprivation violations as discussed above). (ECF 1 at 7 ("the May 28 bond hearing was itself constitutionally deficient due to the improper placement of the burden

of proof on Petitioner").) For the reasons discussed above, this argument fails.[8]

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered denying the petition.

DATED: September 21, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[8] Respondents argue that the petition must be denied because the Court should not reweigh evidence considered for the immigration judge's bond decision and because "Petitioner has not appealed his bond order to the BIA" and thus has not exhausted his administrative remedies. (ECF 8 at 3, 5–8.) Though argued as general points, there is no claim that asks this Court to reweigh the evidence, and only the freestanding claim challenging the constitutionality of the bond hearing itself potentially implicates prudential exhaustion. Further, while Respondents argue that all three reasons identified in *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007), for requiring prudential exhaustion exist in this case (ECF 8 at 3–4), the Court disagrees in this narrow instance. Specifically, the Court finds that no judicial resources will be saved given that the Court had to analyze the constitutionality of the claim in order to reach another, and that based on the analysis, there is no need for agency self-correction as no error was committed. Requiring agency appeal under such circumstances would be futile where the Court has already found that no violation occurred. *See Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004) (stating that federal courts excuse exhaustion in this context only where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void").